```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/26/18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HELENDA KRIZEK, Birth Mother of
BIANCA HELEN KRIZEK
(DECEDENT),

               Plaintiff,

-against-

QUEENS MEDICAL CENTER; HAWAII
RESIDENCY PROGRAM (HRP);
HAWAII CORONER; DR. MATTHEW
DUMOUCHEL; DR. NOBUHIRO
ARIYOSHI; DR. ITTIKORN
SPANUCHART; DR. WENDY W. HSU;
DR. HAO CHIH HO; DR.
CHRISTOPHER HAPPY; DR. T. SCOTT
GALLACHER, are named and sued in
their official & individual capacity,

               Defendant.

## ORDER

18 Civ. 6481 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

       Pro se Plaintiff lives in Manhattan and asserts state law claims pursuant to this Court's diversity jurisdiction.[1] Defendants are the Queens Medical Center in Honolulu, Hawaii ("the Hospital"); the Hawaii Residency Program – a "non-for profit corporation[] [based in Honolulu, Hawaii] that supports medical education and training for medical residents in Hawaii"; physicians who are, or were, employed at the Hospital (Defendants Matthew Dumouchel, Nobuhiro Ariyoshi, Ittikorn Spanuchart, Wendy Hsu, Hao Chih Ho, and Scott Gallacher); the "Hawaii Coroner"; and the Chief Medical Examiner of the Hawaii Coroner's Office (Defendant Christopher Happy). (See Cmplt. (Dkt. No. 1) ¶¶ 3-14)

---

[1] Plaintiff has paid the fees necessary to commence this action, and the Clerk of Court has issued a summons.

The Complaint alleges that Plaintiff is the "birth mother" of Bianca Helen Krizek and that Plaintiff's daughter died while being treated at the Hospital. (Id. ¶¶ 3, 19-86)[2] The Complaint asserts claims of negligence, fraudulent concealment, and nonfeasance/misfeasance/malfeasance on behalf of Plaintiff and her daughter arising out of the treatment her daughter received at the Hospital and the subsequent investigation conducted by the Honolulu Medical Examiner's Office. (See id. ¶¶ 19-104)

For the reasons stated below, this action will be transferred to the United States District Court for the District of Hawaii.

## DISCUSSION

Under the general venue statute, 28 U.S.C. § 1391(b), unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. 28 U.S.C. § 1391(c)(1), (2).

Here, the Complaint alleges that the Defendant entities are located in Hawaii, and that all of the individual Defendants are employees of the Hospital or the Hawaii Coroner's

---

[2] The Complaint does not disclose whether Plaintiff is the executrix or administratrix of her deceased daughter's estate. (See Cmplt. (Dkt. No. 1))

Office. (Cmplt. (Dkt. No. 1) ¶¶5-14) From these allegations, it is a fair inference that all of the Defendants were or are residents of Hawaii.[3]

Moreover, based on the Complaint's allegations, the events and/or omissions giving rise to Plaintiff's claims occurred in Hawaii. (See Cmplt. (Dkt. No. 1) ¶¶ 3-14, 19-89) Accordingly, pursuant to § 1391(b)(2), the United States District Court for the District of Hawaii is a proper venue for this action. See 28 U.S.C. § 91.

Because Plaintiff does not allege that the Defendants reside in this judicial district, or that a substantial part of the events or omissions underlying her claims arose in this judicial district, venue is not proper in this district under either § 1391(b)(1) or (2).

Even if venue were proper in this District, however, courts are authorized to transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases sua sponte. See Cento v. Pearl Arts & Craft Supply Inc., No. 03 Civ. 2424 (LAK), 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) sua sponte therefore is well established."); see also Lead Indus.

---

[3] The certificate of service accompanying the Complaint confirms this inference. It lists Honolulu, Hawaii addresses for all Defendants other than Hsu. (See Cmplt. (Dkt. No. 1) at 19) A Fremont, California address is provided for Defendant Hsu. (See id.)

Ass'n. Inc. v. OSHA, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (noting that the "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer sua sponte").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. Keitt v. N.Y. City, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); see also N.Y. Marine and Gen. Ins. Co. v. LaFarge N. Am., Inc., 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under § 1404(a), transfer of this action is appropriate. As discussed above, the events underlying Plaintiff's claims occurred in Hawaii, nearly all of the Defendants currently reside there, and Hawaii law will govern Plaintiff's claims. In addition, it is likely that relevant documents and witnesses are located in Hawaii. Although Plaintiff's choice of forum is a factor for the Court's consideration, it is entitled to little weight here given that none of the relevant acts and/or omissions occurred in this District. See, e.g., Tillery v. NYS Office of Alcoholism & Substance Abuse Servs., No. 13 Civ. 0035 (CM), 2013 WL 6405326, at *6 (S.D.N.Y. Dec. 5, 2013) ("Considering the factors, particularly the most important factors of the convenience to the parties, witnesses, and the location of the operative facts, Plaintiff's choice of forum is outweighed. The case is transferred[.]"); Joyner v. Cont'l Cas. Co., No. 11 Civ. 6005 (JSR), 2012 WL 92290, at *2 (S.D.N.Y. Jan. 9, 2012) ("[T]he plaintiff's choice is given less deference 'where the operative facts have no connection to the chosen district.'" (citations omitted)).

Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the District of Hawaii. See § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the Clerk of the United States District Court for the District of Hawaii, and to close this case. The Clerk of Court is further directed to mail a copy of this order by certified mail to Plaintiff, and to note mailing on the docket.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated: New York, New York
       July 25, 2018

                                        SO ORDERED.

                                        _____
                                        Paul G. Gardephe
                                        United States District Judge