IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HELENA KRIZEK, Birth Mother of BIANCA HELEN KRIZEK (DECEDENT)<br><br>    Plaintiff,<br><br> vs.<br><br>QUEENS MEDICAL CENTER, HAWAII RESIDENCY PROGRAM (HRP); DR. MATTHEW DUMOUCHEL; DR. NOBUHIRO ARIYOSHI; DR. ITTIKORN SPANUCHART; DR. WENDY W. HSU; DR. HAO CHIH HO; DR. CHRISTOPHER HAPPY; DR. T. SCOTT GALLACHER; ARE NAMED AND SUED IN THEIR OFFICIAL & INDIVIDUAL CAPACITY,<br><br>    Defendants. | CIV. NO. 18-00293 JMS-WRP<br><br>ORDER: (1) DENYING DEFENDANT DUMOUCHEL'S MOTION FOR SUMMARY JUDGMENT, ECF NO. 69; (2) GRANTING DEFENDANT HAPPY'S MOTION FOR JUDGMENT ON THE PLEADINGS, ECF NO. 72; AND (3) DENYING PLAINTIFF'S MOTION FOR JOINDER OF CITY AND COUNTY OF HONOLULU AS DEFENDANT, ECF NO. 127 |

**ORDER: (1) DENYING DEFENDANT DUMOUCHEL'S MOTION FOR SUMMARY JUDGMENT, ECF NO. 69; (2) GRANTING DEFENDANT HAPPY'S MOTION FOR JUDGMENT ON THE PLEADINGS, ECF NO. 72; AND (3) DENYING PLAINTIFF'S MOTION FOR JOINDER OF CITY AND COUNTY OF HONOLULU AS DEFENDANT, ECF NO. 127**

## I. INTRODUCTION

On July 18, 2018, Plaintiff Helena Krizek ("Helena Krizek"), birth

mother of decedent Bianca Helen Krizek ("Bianca Krizek"), filed a Complaint

alleging claims arising from the death of Bianca Krizek against Defendants

Queen's Medical Center ("Queen's"), Hawaii Residency Program ("HRP"), Dr.

Matthew DuMouchel ("DuMouchel"), Dr. Nobuhiro Ariyoshi ("Ariyoshi"), Dr.

Ittikorn Spanuchart ("Spanuchart"), Dr. Wendy W Hsu ("Hsu"), Dr. Hao Chih Ho

("Ho"), Dr. Christopher Happy ("Happy"), Dr. T. Scott Gallacher ("Gallacher")

(collectively, "Defendants"), in their official and individual capacities.  ECF No. 1.

Currently before the court are DuMouchel's Motion for Partial

Summary Judgment, Happy's Motion for Judgment on the Pleadings, and Helena

Krizek's Motion for Joinder of City and County of Honolulu as Defendant.

ECF Nos. 69, 72, 127.  Based on the following, the court DENIES DuMouchel's

Motion, GRANTS Happy's Motion, and DENIES Helena Krizek's Motion.

## II. <u>BACKGROUND</u>

### A.    **Factual Background**

The parties do not appear to dispute the following:  Bianca Krizek was

treated at the Queen's Emergency Room on December 28, 2015, and was

hospitalized and transferred to the Queen's Intensive Care Unit the next day.  *See*

ECF No. 97-1 at PageID #714.  It appears that Bianca Krizek remained

hospitalized until her death on February 5, 2016.  *See* ECF Nos. 97-13, 97-17 at

PageID #755; *see also* Compl. ¶¶ 68-73.  On April 28, 2017, Helena Krizek filed

her Inquiry Regarding Rendering of Professional Services (the "Inquiry") with the Medical Inquiry and Conciliation Panel (the "MICP"). *See* ECF No. 97-14. The MICP terminated the proceedings on September 21, 2017. *See* ECF No. 97-15.

## B. Procedural History

Helena Krizek filed a pro se Complaint on July 18, 2018 alleging the following claims for relief: (1) gross negligence; (2) negligence; (3) fraud in concealment; (4) and "nonfeasance/misfeasance/malfeasance." ECF No. 1. Helena Krizek subsequently retained counsel, and on February 5, 2019, Margaret Dunham Wille filed a Notice of Appearance, and Helena Krizek has appeared through counsel since that date. *See* ECF No. 64; *see also* ECF No. 66.

On March 27, 2019, DuMouchel filed his Motion for Summary Judgment. ECF No. 69. On April 4, 2019, Happy filed a Statement of No Opposition to DuMouchel's Motion. ECF No. 74. On April 18, 2019, Gallacher, Ho, Hsu, and Queen's filed a Statement of No Position. ECF No. 82. On May 24, 2019, Helena Krizek filed her Opposition. ECF No. 97. On May 31, 2019, DuMouchel filed his Reply. ECF No. 104.

On April 3, 2019, Happy filed his Motion for Judgment on the Pleadings. On April 18, 2019, Gallacher, Ho, Hsu, and Queen's filed a Statement

of No Position.  ECF No. 83.  On May 24, 2019, Helena Krizek filed her

Opposition.  ECF No. 98.  On June 3, 2019, Happy filed his Reply.  ECF No. 105.

On July 15, 2019, Helena Krizek filed her Motion for Joinder of City

and County of Honolulu as Defendant.  ECF No. 127.  On July 17, 2019,

Gallacher, Ho, Hsu, and Queen's filed a Statement of No Position.  ECF No. 129.

On the same day, Ariyoshi, HRP, and Spanuchart also filed a Statement of No

Position.  ECF No. 130.  On July 22, 2019, the City and County of Honolulu (the

"City") filed a Statement of No Opposition.  ECF No. 132.  On the same day,

Happy and DuMouchel each filed a Statement of No Position.  ECF Nos. 133, 134.

A hearing was held on the Motions on July 29, 2019.

### III.  <u>STANDARDS OF REVIEW</u>

**A.  Summary Judgment**

Summary judgment is proper when there is no genuine issue of

material fact and the moving party is entitled to judgment as a matter of law.  Fed.

R. Civ. P. 56(c).  Federal Rule of Civil Procedure 56(a) mandates summary

judgment "against a party who fails to make a showing sufficient to establish the

existence of an element essential to the party's case, and on which that party will

bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986); *see also Broussard v. Univ. of Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999).

The moving party "bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 323). "When the moving party has carried its burden under Rule 56[(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a *genuine issue for trial.*" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (citation and internal quotation marks omitted).

"An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law." *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When considering the evidence on a motion for summary judgment, the court must draw all reasonable inferences in the

light most favorable to the nonmoving party. *Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180, 1184 (9th Cir. 2016).

**B.     Judgment on the Pleadings**

"A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is a means to challenge the sufficiency of the complaint after an answer has been filed." *Rohm v. Homer*, 367 F. Supp. 2d 1278, 1281 (N.D. Cal. 2005) (quotation marks and citation omitted).  A party may make a motion for judgment on the pleadings at any time after the pleadings are closed, but within such time as to not delay the trial.  Fed. R. Civ. P. 12(c).  Because the issue presented by a Rule 12(c) motion is substantially the same as that posed in a 12(b)(6) motion—whether the factual allegations of the complaint, together with all reasonable inferences, state a plausible claim for relief—the same standard applies to both.  *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 & n.4 (9th Cir. 2011); *see also Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) (holding that Rule 12(c) and Rule 12(b)(6) motions differ in time of filing but are otherwise "functionally identical," and applying the same standard of review).

A Rule 12(b)(6) dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG*

*Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief. *Id.* at 679.

A motion for judgment on the pleadings is properly granted when there are no disputed issues of material fact, and the moving party is entitled to judgment as a matter of law. *See Ventress v. Japan Airlines*, 603 F.3d 676, 681

(9th Cir. 2010) (citation omitted).  Judgment on the pleadings is not appropriate if the court considers matters outside of the pleadings; in such cases, the motion must be converted to a Rule 56 motion for summary judgment, and the non-moving party must be granted an opportunity to respond.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).  The court may, however, "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion . . . into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## IV.  DISCUSSION

The court considers three motions.  First, DuMouchel moves for summary judgment on all claims brought against him, arguing that the claims are time-barred.  The court disagrees.

Second, Happy moves for judgment on the pleadings on all claims brought against him.  He argues that he is shielded from liability by qualified immunity.  The court agrees that the complaint insufficiently pleads facts establishing that Happy acted with malice and improper purpose.  Happy also argues that the fraudulent concealment claim does not comply with the Rule 9(b) particularity requirement.  The court agrees.

8

Third, Helena Krizek moves to join the City as a defendant, arguing that the City has *respondeat superior* liability through its employee, Happy. Because the court dismisses all claims against Happy, this matter is moot.

## A.    DuMouchel's Motion for Summary Judgment

DuMouchel argues that this wrongful death action is time-barred pursuant to HRS § 663-3, and that any negligence-based claims are time-barred pursuant to HRS § 657-7.3.  ECF No. 69-1 at PageID #439-40.  In response, Helena Krizek argues that this action is not time-barred because any statute of limitations was tolled when she submitted an inquiry to the MICP concerning Bianca Krizek's death.  ECF No. 97 at PageID # 698.  The court finds that the Complaint was filed within the statute of limitations.

### 1.    *Applicable Law*

HRS § 663-3(b) provides, in relevant part, "Any action brought under [the wrongful death] section shall be commenced within two years from the date of death of the injured person, except as otherwise provided."  Further, HRS § 657-7.3 provides, in relevant part:

> No action for injury or death against a . . . physician . . .
> duly licensed or registered under the laws of the State, or
> a licensed hospital as the employer of any such person,
> based upon such person's alleged professional
> negligence, or for rendering professional services without
> consent, or for error or omission in such person's

practice, shall be brought more than two years after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury . . . .

HRS § 671-12(a) requires a person or person's representative having "concerns" about a medical tort[1] to submit an "inquiry" to the MICP before filing a lawsuit "in any court of this State":

Any person or the person's representative having concerns regarding the existence of a medical tort shall submit an inquiry to the medical inquiry and conciliation panel before a suit based on the circumstances of the inquiry may be commenced in any court of this State. Inquiries shall be submitted to the medical inquiry and conciliation panel in writing and shall include the facts upon which the inquiry is based and the names of all parties against whom the inquiry is or may be made who are then known to the person or the person's representative.

And HRS § 671-18 provides for the tolling of the statute of limitations based on the filing of an MICP inquiry:

The filing of the inquiry with the medical inquiry and conciliation panel . . . shall toll any applicable statute of limitations, and the statute of limitations shall remain tolled until sixty days after the termination of the panel . . . . If panel proceedings are not completed within twelve months, . . . the statute of limitations shall resume running and the party filing the inquiry may commence a

---

[1] "Medical tort" is defined as "professional negligence, the rendering of professional service without informed consent, or an error or omission in the professional practice, by a health care provider, which proximately causes death, injury, or other damage to a patient."  HRS § 671-1.

10

suit based on the circumstances related to the inquiry in
any appropriate court of this State.

In fact, review by the MICP is generally required prior to commencing

suit in state court on claims concerning a medical tort.[2] *See Campos v. Marrhey*

*Care Home, LLC*, 128 Haw. 405, 408 n.5, 289 P.3d 1041, 1044 n.5 (Haw. Ct. App.

2012) ("Act 296 [which made changes to HRS Chapter 671 in 2012] still generally

requires the submission of a medical tort 'inquiry' to an MICP as a prerequisite to

filing suit.").

## 2. *Application*

First, the court must determine when the statute of limitations periods

began to run. The HRS § 663-3 statute of limitations period began to run on the

date of Bianca Krizek's death, February 5, 2016. The HRS § 657-7.3 statute of

limitations period began to run when Helena Krizek "discover[ed], or through the

use of reasonable diligence should have discovered" Bianca Krizek's "injury."

---

[2] At least one court in this district has found that inquiry by the MICP is not required prior to commencing suit in federal court on the basis of diversity jurisdiction. *See McKenzie v. Haw. Permanente Med. Grp., Inc.*, 29 F. Supp. 2d 1174, 1177 (D. Haw. 1998); *cf. Parks v. Watkins*, 2011 WL 3439936, at *3 (D. Haw. Aug. 5, 2011) (declining to address the issue). But this court need not determine whether an MICP inquiry is required before filing a diversity case in federal court—DuMouchel does not argue that the fact that this suit was brought in federal court affects HRS § 671-18 tolling. *See* ECF No. 104 at PageID #804 ("Tolling is inapplicable as to Dr. DuMouchel not because Plaintiff filed a lawsuit in federal court, but because Dr. DuMouchel was not served with, made party to, or given any notice of the Inquiry Plaintiff filed with the MICP.").

HRS § 657-7.3.  DuMouchel does not assert a specific date by which Helena Krizek discovered Bianca Krizek's injury, but rather argues that "by the end of February 2016, at the latest, Plaintiff was in possession of a complete set of medical records documenting Dr. DuMouchel's alleged negligence." ECF No. 69-1 at PageID #441 (citing Pl.'s Answer, ECF No. 70-5); *see also* ECF No. 104 at PageID #800. Because it ultimately will not affect the outcome, the court will use the February 5, 2016 date of death as the applicable date for the purposes of this analysis.

And the parties agree that, if the MICP tolls the statute of limitations for DuMouchel, the complaint was timely filed.[3]  If not, the complaint was filed well past the two-year statute of limitations (whether the court sets the start date on February 5, 2016 or at the end of February 2016) and the court would then need to address whether the statutes are tolled on the basis of fraudulent concealment.

DuMouchel argues that because he was neither specifically named as a party in Helena Krizek's MICP inquiry nor served with her inquiry, the statute of limitations period is not tolled under HRS § 671-18 as to him (although it would be

---

[3]  Helena Krizek filed her inquiry with the MICP on April 28, 2017, and the MICP terminated the proceedings on September 21, 2017.  *See* ECF Nos. 97-14 and 97-15.  The statute of limitation remained tolled for 60 days after the September 21, 2017 termination.  Thus, if HRS § 671-18 applies to DuMouchel, the statute was tolled for a total of 202 days and the complaint was timely filed.

tolled to those specifically named and served). *See* ECF No. 69-1 at PageID #445 and ECF No. 104 at PageID #804-05. DuMouchel essentially asserts that HRS § 671-12 mandates that all parties be named in an inquiry form filed with the MICP, and that "[t]here is only one exception to the requirement[:] . . . . following the termination of the MICP, a plaintiff files suit against a party not named in the MICP in State Court based solely on that party's vicarious liability for the negligence of a health care provider who was named in Inquiry." ECF No. 104 at PageID #804. But *Lee v. Hawaii Pacific Health*, 121 Haw. 235, 245, 216 P.3d 1258, 1268 (Haw. Ct. App. 2009), cited by DuMouchel, does not support this assertion. And, more importantly, neither does the plain language of the statute.

Under Hawaii law, "the fundamental starting point for statutory-interpretation is the language of the statute itself." *Panado v. Bd. of Trs., Emps.' Ret. Sys.*, 134 Haw. 1, 11, 332 P.3d 144, 154 (2014) (citations and quotation marks omitted). And "where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning." *Id.* (citations and quotation marks omitted). "Courts are bound, if rational and practicable, to give effect to all parts of a statute and no clause, sentence or word shall be construed as superfluous, void or insignificant if construction can be legitimately found which will give force

to and preserve all words of the statute." *State v. Demello*, 136 Haw. 193, 195, 361

P.3d 420, 422 (2015) (citations and quotation marks omitted).

Under HRS Chapter 671, the requirement to submit an inquiry to the

MICP prior to commencing a lawsuit applies to a person "having concerns"

regarding the existence of a "medical tort."  And, a lawsuit cannot be filed (at least

in state court) "based on the circumstances of the inquiry" unless the inquiry is first

filed with the MICP.  *See* HRS § 671-12 ("Any person or the person's

representative having concerns regarding the existence of a medical tort shall

submit an inquiry to the medical inquiry and conciliation panel before a suit based

on the circumstances of the inquiry may be commenced.").  But nowhere does

HRS Chapter 671 require that the person submitting the inquiry include all

potential parties or potential defendants in a future lawsuit.  In fact, HRS § 671-12

expressly provides that only those parties known at the time need be included:

"[i]nquiries . . . shall include . . . the names of all parties against whom the inquiry

is or may be made *who are then known* to the person or the person's

representative." (emphasis added).

And HRS § 671-18 provides that "[t]he filing of the inquiry . . . shall

toll *any* applicable statute of limitations . . . ." (emphasis added).  Notably absent

from this language, of course, is a limitation that the tolling period applies solely to

those specifically named in the inquiry or otherwise served with the inquiry. The court thus determines that, based on the plain language of the statute, there is no "doubt" or "doubleness of meaning," *Panado*, 134 Haw. at 11, 332 P.3d at 154—tolling applies both to those named or unnamed, provided that the post-MICP lawsuit concerns a medical tort "based on the circumstances of the inquiry." HRS § 671-12.

But even if the MICP tolling provision could be read as ambiguous, DuMouchel's interpretation of HRS Chapter 671 runs counter to the clear legislative intent. The legislature did not intend the MICP process to be used to present actual claims, but rather to permit a person or the person's representative to seek information about medical treatment and adverse consequences from that treatment. In 2012, Hawaii Session Laws Act 296 ("Act 296") made significant changes to how the panels (then called the Medical Claims Conciliation Panel) functioned, so as to "delet[e] the decision-making function of the panels, and instead emphasiz[e] the use by panels of conciliation and mediation to resolve matters before them." *Campos*, 128 Haw. at 408 n.5, 289 P.3d at 1044 n.5; *see also* 2012 Haw. Sess. Laws Act 296. Act 296 provided that:

> The legislature finds that many claims now filed with
> medical claim conciliation panels tend to function as
> inquiries rather than actual claims, and patients or their
> families tend to use these proceedings *to seek*

> *information* regarding adverse events that they associate with medical treatment. . . . The legislature further finds that provisions in the Hawaii Revised Statutes relating to medical claims conciliation should be amended to reflect that many filings, particularly by pro se parties, are inquisitive in nature and are *based on a lack of information* rather than claims based on substantive analysis or the applicable standard of care. Proceedings with medical claim conciliation panels should be conducted in a non-adversarial way and structured to facilitate the *conveying of information* rather than assigning blame.

2012 Haw. Sess. Laws Act 296 § 1 (emphases added). And it follows that in this non-adversarial inquiry, a person or person's representative might seek very basic information, including the names or roles of various treating physicians. A harsh rule that requires naming all potential parties in the MICP inquiry (or else running the risk of being time-barred later) runs counter to the legislature's finding that many persons or person's representatives simply seek information through the MICP based on a lack knowledge about adverse medical events.[4] In short, it would be inconsistent with legislative intent to toll the statute of limitations to specifically named individuals but not others when a basic purpose of the MICP is "to seek information regarding adverse events [associated] with medical treatment."

---

[4] A contrary reading would create an incentive to file suit prematurely (naming Doe defendants), if only as a protective measure to avoid a time-bar.

Accordingly, HRS § 671-18 tolling applies to DuMouchel and the statute of limitations has not run; therefore, DuMouchel's Motion for Summary Judgment is denied.[5]

## B.    Happy's Motion for Judgment on the Pleadings

### 1.    Qualified Immunity

Happy argues that the claims against him must be dismissed with prejudice based on the doctrine of qualified immunity.  ECF No. 72-1 at PageID #517.

"Under Hawaii law, it is well established that a nonjudicial government official performing a public duty enjoys the protection of a qualified privilege."  *Kealoha v. State of Haw.*, 2006 WL 2052331, at *5 (D. Haw. July 20, 2006) (citing *Towse v. State of Haw.*, 64 Haw. 624, 631, 647 P.2d 696, 702 (1982); and *Medeiros v. Kondo*, 55 Haw. 499, 522 P.2d 1269, 1272 (1974)); *see also Kamakeeaina v. City & Cty. of Honolulu*, 2014 WL 1691611, at *11 (D. Haw. Apr. 29, 2014), *aff'd sub nom. Kamakeeaina v. Maalo*, 680 F. App'x 631 (9th Cir. 2017).   But this protection is not absolute—the official is not immune from liability if the plaintiff can prove by clear and convincing evidence that "[the]

---

[5] Based on this finding, the court need not reach Helena Krizek's additional argument that the statutes were tolled based on fraudulent concealment.

official in exercising his authority is motivated by malice, and not by an otherwise proper purpose." *Medeiros*, 55 Haw. at 500-01, 503, 522 P.2d at 1270-71. This is "the best way to balance the interests of the maliciously injured party against the innocent official" because it "allow[s] the action to proceed but [limits] liability to only the most guilty of officials by holding plaintiff to a higher standard of proof than in a normal tort case." *Id.* at 504, 522 P.2d at 1272.

In the context of qualified immunity, the "actual malice" test is used for claims other than defamation. *Bartolome v. Kashimoto*, 2009 WL 1956278, at *1 (D. Haw. June 26, 2009) (citing cases). Under that test, "malicious or improper purpose" is defined in "its ordinary and usual sense." *Awakuni v. Awana*, 115 Haw. 126, 141, 165 P.3d 1027, 1042 (2007). *Awakuni* utilized Black's Law Dictionary definitions of "maliciousness" and "malice": (1) "substantially certain to cause injury and without just cause or excuse"; (2) "the intent, without justification or excuse, to commit a wrongful act, reckless disregard of the law or of a person's legal rights; and (3) "ill will[,] wickedness of heart." *Id.* (citations and editorial marks omitted).

      a.    *Whether qualified immunity bars all negligence-based claims as a matter of law*

The Complaint alleges three negligence-based claims against Happy—Count One (Negligence), Count Two (Gross Negligence), and Count Four

("Nonfeasance/Misfeasance/Malfeasance"). At the July 29, 2019 hearing, Helena Krizek conceded that she could not sufficiently plead Count One (Negligence) as to Happy. Accordingly, the court dismisses Count One (Negligence) with prejudice. As to the remaining negligence-based claims, Happy argues that these claims are barred by qualified immunity as a matter of law. *See* ECF No. 72-1 at PageID #519-22. The court disagrees.

Some courts in this district have indeed found that qualified immunity bars all negligence-based claims as a matter of law. *See Bartolome*, 2009 WL 1956278, at *2 ("As a matter of law, the Court finds that such a showing [of actual malice] is incompatible with a claim based on negligence. The level of intent required to demonstrate malice removes the alleged injurious action from the realm of negligence into that of intentionally tortious conduct."); *see also Silva v. City & Cty. of Honolulu*, 2013 WL 2420902, at *20 (D. Haw. May 31, 2013). But the court is persuaded by *Long v. Yomes*, 2011 WL 4412847 (D. Haw. Sept. 20, 2011), which reasoned that "[w]hile the requirement that plaintiffs show actual malice to overcome the 'qualified or conditional privilege' is a significant obstacle, it does not preclude negligence liability in all cases. In particular, conduct performed with 'reckless disregard of the law or of a person's legal rights' may be negligent, even though negligent conduct often does not involve malice." *Id.* at *7 (citing cases);

*see also Franson v. City & Cty. of Honolulu,* 2016 WL 4007549, at *8 (D. Haw. July 26, 2016).

Accordingly, the court declines to find that qualified immunity bars Helena Krizek's negligence-based claims as a matter of law.

> b.      *Whether malice is sufficiently pled*

Happy next argues that the Complaint insufficiently alleges that Happy acted with malice and improper purpose. *See* ECF No. 72-1 at PageID #518-19. The court agrees.

The Complaint alleges the following: Happy is the Chief Medical Examiner of the "Hawaii Coroner's Office." Compl. ¶ 14. On February 22, 2016, "Ms. Cadiente," a "[r]epresentative of the Coroner's office in Hawaii," told Helena Krizek, that Bianca Krizek "was very ill and was brought to the hospital in a comatose state." *Id.* ¶ 76 (emphasis omitted). When Helena Krizek stated to the "Coroner's office" that she thought this version of events was incorrect, a "Coroner's officer" conducted an independent investigation into Bianca Krizek's death. *Id.* ¶ 77. One year and eight months later, Helena Krizek received Bianca Krizek's death certificate, which listed the cause of death as "infectious complications of a 2012 accident, where Bianca fractured her leg." *Id.* ¶ 78. The Complaint alleges that this is "a spurious, specious finding which is disproven by

the facts and incontrovertible medical records." *Id.* Thus, the Complaint asserts

that the "Hawaii Coroner's office is engaged in an ongoing co-conspiracy with

[Queen's]" to commit "Fraud in Concealment" in order to "cover-up" the mistakes

made by Queens' physicians that led to Bianca Krizek's death. *Id.* ¶ 82 (emphasis

omitted). The Complaint continues stating that:

> [T]he Coroner acted willfully in taking inappropriate
> action, or intentionally incorrect action or advice during a
> Coroner's investigation into the wrongful death of
> Bianca, and issued a Death Certificate erroneously
> recording the cause of death of Bianca as infectious
> complication from a fractured ankle injury in 2012,
> nearly 3 years earlier than Bianca's late 2015, irritation,
> [sic] admission to Defendant Hospital and ICU, where
> Bianca was pronounced dead on February 5th, 2016, all
> constituting Misfeasance.

*Id.* ¶ 86 (emphasis omitted). The Complaint also alleges that "Defendant

Coroner[]" engaged in a conspiracy. *Id.* ¶ 87.

The Complaint also alleges that Happy "during the course of his

official duties . . . did wantonly commit acts of nonfeasance, misfeasance and

malfeasance, while acting in concert with Defendants who engaged in a pattern and

practice of 'Fraudulent Concealment.'" *Id.* ¶ 103 (emphasis omitted).

Even under liberal pro se pleading standards, Helena Krizek has not

sufficiently pled that Happy acted with malice and improper purpose. Except for

conclusory statements concerning Happy, the Complaint does not attribute any

actions to Happy—other than (presumably as "the Coroner") issuing the death

certificate—but rather attributes actions to "Ms. Cadiente," a "Coroner's officer,"

or to the "Coroner's office" generally. For this reason alone, all remaining counts

against Happy are dismissed without prejudice.

### 2. *Fraudulent Concealment*

Happy also argues that the Complaint's fraudulent concealment claim

does not meet Rule 9(b)'s particularity requirements. *See* ECF No. 72-1 at PageID

#523. The court agrees. Rule 9(b) requires that "[i]n alleging fraud or mistake, a

party must state with particularity the circumstances constituting fraud or mistake."

"Rule 9(b) requires particularized allegations of the circumstances *constituting*

fraud." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 (9th Cir. 1994) (en

banc), *superseded on other grounds by* 15 U.S.C. § 78u-4. A plaintiff's pleadings

must include the time, place, and nature of the alleged fraud; "mere conclusory

allegations of fraud are insufficient" to satisfy this requirement. *Id.* (citation and

quotation marks omitted). Where there are multiple defendants, Plaintiffs cannot

"lump multiple defendants together" and instead must "differentiate their

allegations [between defendants]." *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th

Cir. 2011) (citation omitted).

As discussed above, the Complaint makes no specific allegations concerning Happy at all (let alone particularized allegations concerning fraud). Thus, the fraudulent concealment count is also dismissed without prejudice for failing to meet Rule 9(b) particularity requirements.

Thus, all counts against Happy are DISMISSED without prejudice, except for Count One (Negligence), which Helena Krizek concedes she cannot amend and is thus DISMISSED with prejudice. Helena Krizek is given leave to amend those counts dismissed without prejudice, if possible—but only if she can: (1) allege how Happy, individually, acted with malice and improper purpose; and (2) meet Rule 9(b) particularity requirements, where applicable.

## C.    Joinder

Helena Krizek argues that the City should be joined as a defendant pursuant to Federal Rule of Civil Procedure 19(a) because the City is "the proper entity for the official capacity claims against [Happy]." ECF No. 127 at PageID #896. All currently-named Defendants take no position on this Motion. *See* ECF Nos. 129, 130, 133, 134. The City "does not oppose being joined as a party in the instant action." ECF No. 132 at PageID #920. If the claims against Happy had survived Happy's Motion for Judgment on the Pleadings, the City could have faced potential *respondeat superior* liability in the instant action. But because all claims

against Happy have now been dismissed, the Motion for Joinder is DENIED as moot.  If Helena Krizek later seeks to pursue claims against the City, she must do so through a Rule 15 motion.

## V.  CONCLUSION

For the foregoing reasons, the court: (1) DENIES DuMouchel's Motion for Partial Summary Judgment; (2) GRANTS Happy's Motion for Judgment on the Pleadings, with leave to amend as limited above; and (3) DENIES Helena Krizek's Motion for Joinder of City and County of Honolulu as Defendant. As to Happy, Count One (Negligence) is DISMISSED with prejudice. All other claims brought against Happy are DISMISSED without prejudice.

///

///

///

///

///

///

///

///

The court will allow Helena Krizek an opportunity to file a First Amended Complaint ("FAC") to amend the Complaint's deficiencies concerning her claims brought against Happy, if she believes she can do so. In the FAC, however, she may not bring new claims. A FAC (or a statement indicating that a FAC will not be filed) is due by September 5, 2019.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 6, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Krizek v. Queens Med. Ctr, et al.*, Civ No. 17-00038 JMS-RT, Order: (1) Denying Defendant Dumouchel's Motion for Summary Judgment, ECF No. 69; (2) Granting Defendant Happy's Motion for Judgment on the Pleadings, ECF No. 72; and (3) Denying Plaintiff's Motion for Joinder of City and County of Honolulu as Defendant, ECF No. 127