IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| HELENA KRIZEK, | ) | CIVIL NO. 18-00293 JMS-WRP |
|---|---|---|
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| vs. | ) | IN PART AND DENY IN PART |
| | ) | DEFENDANT HAWAII |
| THE QUEENS MEDICAL CENTER, ET AL., | ) | RESIDENCY PROGRAMS, INC.'S |
| | ) | BILL OF COSTS AND TO STAY |
| | ) | THE TAXATION OF COSTS |
| Defendants. | ) | PENDING RESOLUTION OF |
| | ) | POST-TRIAL MOTIONS |
| | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART DEFENDANT HAWAII RESIDENCY
PROGRAMS, INC.'S BILL OF COSTS AND TO STAY THE TAXATION
OF COSTS PENDING RESOLUTION OF POST-TRIAL MOTIONS

On September 23, 2022, Defendant Hawaii Residency Programs, Inc. (HRP) filed a Bill of Costs seeking an award of $13,616.39 in costs. See ECF No. 549. Plaintiff filed her Objections on September 23, 2022. See ECF No. 551. The Defendant HRP filed its Reply on October 17, 2022. See ECF No. 568. After careful consideration of the parties' filings, the record in this action, and the relevant legal authority, the Court FINDS AND RECOMMENDS that Defendant HRP's Bill of Costs be GRANTED IN PART AND DENIED IN PART.[1]

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections

DISCUSSION

On September 14, 2022, the Clerk entered judgment in favor of Defendants based on the jury verdict.  See ECF No. 530.  Rule 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Courts have discretion to award costs pursuant to Rule 54(d).  See Yasui v. Maui Electric Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999).  Under Rule 54(d), there is a presumption that the prevailing party will be awarded its taxable costs.  See Save Our Valley v. Sound Transit, 335 F.3d 932, 944 (9th Cir. 2003).

**1.  Defendant HRP is Entitled to An Award of Taxable Costs**

As the prevailing party, Defendant HRP is entitled to an award of taxable costs.  The costs that the Court is authorized to tax under Rule 54(d)(1) are enumerated at 28 U.S.C. § 1920:

  1. Fees of the clerk and marshal;

  2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

  3. Fees and disbursements for printing and witnesses;

  4. Fees for exemplification and copies of papers

---

within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

2

  necessarily obtained for use in the case;

  5. Docket fees under section 1923 of this title;

  6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  Defendant HRP seek costs in the amount of $13,616.39.  See ECF No. 549.  Each category of requested costs is addressed below.

### A. Transcripts

Section 1920(2) permits the taxation of fees for "transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2).  Defendant HRP requests $11,796.46 for costs related to transcripts.  See ECF No. 549 at 1; ECF Nos. 549-3 at 2-22.  Because the requested transcripts were used for dispositive motions and trial proceedings, the Court finds that these transcripts were necessarily obtained for use in the case and are taxable.  The Court FINDS that Defendant HRP is entitled to costs of $11,796.46 for transcripts.

### B. Copying Costs

Sections 1920(3) and (4) allow for taxation of costs for "printing" and for "making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(3), (4).  Pursuant to Local Rule 54.2(f)(4), the party requesting costs must provide an affidavit describing "the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose

for the items copied." LR54.2(f)(4).  Regarding the cost per page, Local Rule 54.2(f)(4) states that "the practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable."  Id.  Further, Local Rule 54.2(f)(4) specifically provides that the cost of copies "obtained for the use and/or convenience of the party seeking recovery and its counsel is *not taxable*."  LR54.2(f)(4) (emphasis added).  In its Bill of Costs, Defendant HRP seeks costs of $1,819.93 for copies.  See ECF No. 549 at 1.

In its itemization of costs and associated invoices, Defendant HRP provides the number of pages copied, the price per page, and the intended use, namely that the copies were medical records obtained in discovery and trial exhibits.  See ECF Nos. 549-2, 549-3 at 1, 23-24.  The Court notes only one issue with the costs requested.  The amount requested for medical records reflects a cost of $0.34 per page.  See ECF No. 549-3 at 1 ($310.13 total cost ÷ 909 pages = $0.34 per page).  Although the Local Rules provides that the actual cost charged by commercial copies may be allowed if reasonable, Defendant HRP has provided no information in its Bill of Costs demonstrating that these higher costs are reasonable.  See ECF No. 549.  Accordingly, the Court FINDS that these copying costs should be calculated at the $0.15 per page rate, such that the costs awarded are $136.35 ($0.15 per page x 909 pages = $136.35) for copies of medical records.

In total, the Court FINDS that the copying costs in the amount of $739.68 are taxable ($603.33 for trial exhibits and $136.35 for medical records).

### C.  Conclusion

The Court finds that the following costs are taxable:  $11,796.46 for transcripts and $739.68[2] for copying.  In total, the Court RECOMMENDS that the district court award Defendant HRP taxable costs in the amount of $12,536.14.

**2.  The Court FINDS AND RECOMMENDS that the Taxation of Costs be STAYED Pending the Resolution of All Post-Judgment Motions in this Court.**

In her Objection, Plaintiff states that she is objecting to costs "for equitable reasons to be provided to the court and is notifying the Clerk of Plaintiff's intent to file a motion to stay taxation of costs pending appeal (and/or a motion for a new trial)."  See ECF No. 551 at 2.  After filing her Objection, Plaintiff filed a Motion for a New Trial, which is currently pending before the Court.  See ECF Nos. 562, 564.  Plaintiff has not filed a motion to stay taxation of costs.

The court has broad discretion to stay proceedings incident to the court's power to control its own docket.  Clinton v. Jones, 520 U.S. 681, 706

---

[2]  $603.33 for trial exhibits + $136.35 for medical records = $739.68 for copying costs.

(1997) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)).  The court must weigh the competing interests affected in the granting or denying of a request for stay.  CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).  These interests include: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of the issues, proof, and questions of law which could be expected to result from a stay.  Id. (citing Landis, 299 U.S. at 254-55); see also Lockyer v. Mirant Corp., 398 F.3d 1098, 1112 (9th Cir. 2005).

Although Plaintiff has not filed a formal motion to stay taxation of costs, the Court finds that a stay of the taxation of costs pending the resolution of post-judgment motions in this court is appropriate.  Plaintiff has failed to demonstrate that a longer stay is warranted.  First, although staying the taxation costs pending resolution of post-judgment motions may delay payment, the stay will be for a relatively brief time considering the overall age of this case.  Second, staying the taxation of costs at this time would lessen the potential hardship on Plaintiff in seeking to recover costs should her post-trial motions be granted.  Lastly, staying the taxation of costs will allow the parties to determine with finality which party is the prevailing party for purposes of taxing costs.  Based on these considerations, the Court FINDS AND RECOMMENDS that the taxation of costs

be STAYED pending the resolution of all post-judgment motions in this Court.

## CONCLUSION

The Court FINDS AND RECOMMENDS that the district court GRANT Defendant HRP's request for $12,536.14 in costs, DENY the remaining costs requested, and STAY the taxation of costs pending the resolution of all post-judgment motions in this Court.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, OCTOBER 31, 2022.



Wes Reber Porter
United States Magistrate Judge

**KRIZEK v. THE QUEEN'S MEDICAL CENTER, ET AL.; CIVIL NO. 18-00293 JMS-WRP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT HAWAII RESIDENCY PROGRAM, INC.'S BILL OF COSTS AND TO STAY THE TAXATION OF COSTS PENDING RESOLUTION OF POST-TRIAL MOTIONS**