IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HELENA KRIZEK, | ) CIVIL NO. 18-00293 JMS-WRP |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO GRANT |
| vs. | ) IN PART AND DENY IN PART |
| | ) DEFENDANTS THE QUEEN'S |
| THE QUEENS MEDICAL CENTER, | ) MEDICAL CENTER, WENDY W. |
| ET AL., | ) HSU, M.D., AND HAO CHIH HO, |
| | ) M.D.'S BILL OF COSTS AND TO |
| Defendants. | ) STAY THE TAXATION OF COSTS |
| | ) PENDING RESOLUTION OF |
| | ) POST-TRIAL MOTIONS |

FINDINGS AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART DEFENDANTS THE QUEEN'S MEDICAL
CENTER, WENDY W. HSU, M.D., AND HAO CHIH HO, M.D.'S
BILL OF COSTS AND TO STAY THE TAXATION OF COSTS
<u>PENDING RESOLUTION OF POST-TRIAL MOTIONS</u>

On September 23, 2022, Defendants the Queens's Medical Center, Wendy W. Hsu, M.D., and Hao Chih Ho, M.D. (collectively, the QMC Defendants) filed a Bill of Costs seeking an award of $18,571.50 in costs. <u>See</u> ECF No. 550. Plaintiff filed her Objections on September 23, 2022. <u>See</u> ECF No. 552. The QMC Defendants filed their Reply on October 17, 2022. <u>See</u> ECF No. 569. After careful consideration of the parties' filings, the record in this action, and the relevant legal authority, the Court FINDS AND RECOMMENDS that the QMC Defendants' Bill of Costs be GRANTED IN PART AND DENIED IN

PART.[1]

## DISCUSSION

On September 14, 2022, the Clerk entered judgment in favor of Defendants based on the jury verdict. See ECF No. 530. Rule 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Courts have discretion to award costs pursuant to Rule 54(d). See Yasui v. Maui Electric Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999). Under Rule 54(d), there is a presumption that the prevailing party will be awarded its taxable costs. See Save Our Valley v. Sound Transit, 335 F.3d 932, 944 (9th Cir. 2003).

**1. The QMC Defendants are Entitled to An Award of Taxable Costs**

As prevailing parties, the QMC Defendants are entitled to an award of taxable costs. The costs that the Court is authorized to tax under Rule 54(d)(1) are enumerated at 28 U.S.C. § 1920:

1. Fees of the clerk and marshal;

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

3. Fees and disbursements for printing and witnesses;

4. Fees for exemplification and copies of papers necessarily obtained for use in the case;

5. Docket fees under section 1923 of this title;

6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  The QMC Defendants seek costs in the amount of $18,571.50.  See ECF No. 550.  Each category of requested costs is addressed below.

### A. Fees for Service

Section 1920(1) allows for taxation of costs for service fees.  See 28 U.S.C. § 1920(1).  Local Rule 54.1(f)(1) provides that costs for service of subpoenas are allowable "to the extent they are reasonably required and actually incurred."  LR54.1(f)(1).  The QMC Defendants request $447.98 for costs related to service of subpoenas.  See ECF No. 550 at 1; ECF No. 550-7 at 1-4.  The Court FINDS that the QMC Defendants are entitled to costs of $447.98 for fees related to service.

### B. Transcripts

Section 1920(2) permits the taxation of fees for "transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  The QMC

Defendants request $14,576.17 for costs related to transcripts.  See ECF No. 550 at 1; ECF Nos. 550-3, 550-4, and 550-5.  Because the requested transcripts were used for dispositive motions and trial proceedings, the Court finds that these transcripts were necessarily obtained for use in the case and are taxable.  The Court FINDS that the QMC Defendants are entitled to costs of $14,576.17 for transcripts.

### C. Copying Costs

Sections 1920(3) and (4) allow for taxation of costs for "printing" and for "making copies of any materials where the copies are necessarily obtained for use in the case."  28 U.S.C. § 1920(3), (4).  Pursuant to Local Rule 54.2(f)(4), the party requesting costs must provide an affidavit describing "the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied."  LR54.2(f)(4).  Regarding the cost per page, Local Rule 54.2(f)(4) states that "the practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable."  Id.  Local Rule 54.2(f)(4) specifically provides that the cost of copies "obtained for the use and/or convenience of the party seeking recovery and its counsel is *not taxable*."  LR54.2(f)(4) (emphasis added).  In their Bill of Costs, the QMC Defendants seek costs of $3,532.35 for copies.  See ECF No. 550 at 1.

For copying costs incurred in-house by counsel, the QMC Defendants provide information regarding the number of pages copies and the cost per page

but do <u>not</u> provide a description of the documents copied or the use or intended purpose of the items copied as required by Local Rule 54.2(f)(4).  <u>See</u> ECF No. 550-2 at 1-2.  Because the QMC Defendants have failed to provide the required information to support these in-house copying costs, the Court FINDS that the $1,537.50 in-house copying costs are not taxable.

        For outside copies, the QMC Defendants state that these copies were for "trial exhibits" and submitted four invoices, which reflect the number of pages copied and the price per page.  <u>See</u> ECF No. 550-8.  However, the Court notes one discrepancy which prevent it from determining the reasonableness of the amount requested.  One of the invoices provided is dated May 1, 2020, two years before trial began, which makes it unlikely that these copies were intended for use as trial exhibits.  <u>See</u> ECF No. 550-8 at 1.  Without accurate information regarding the intended use of these copies, the Court is unable to determine whether these costs were reasonable.  The Court FINDS that $86.40 of requested outside copying costs are not taxable and FINDS that the remaining outside copying costs of $1,908.45 are taxable.

### D. Other Costs

        The QMC Defendants request $15.00 for costs related to obtaining copies of records from the Department of the Medical Examiner and provides an invoice the records obtained.  <u>See</u> ECF No. 550-6.  Although categorized by the

QMC Defendants as "fees for witnesses," the Court finds that these costs are taxable as fees for printing under Section 1920(3). The Court FINDS that Plaintiff is entitled to $15.00 for costs related to obtaining copies of records.

### E. Conclusion

The Court finds that the following costs are taxable: $447.98 for fees related to service; $14,576.17 for transcripts; $1,908.45[2] for copying; and $15.00 for costs related to obtaining records. In total, the Court RECOMMENDS that the district court award the QMC Defendants taxable costs in the amount of $16,947.60.

**2. The Court FINDS AND RECOMMENDS that the Taxation of Costs be STAYED Pending the Resolution of All Post-Judgment Motions in this Court.**

In her Objection, Plaintiff states that she is objecting to costs "for equitable reasons to be provided to the court and is notifying the Clerk of Plaintiff's intent to file a motion to stay taxation of costs pending appeal (and/or a motion for a new trial)." See ECF No. 552 at 2. After filing her Objection, Plaintiff filed a Motion for a New Trial, which is currently pending before the Court. See ECF Nos. 562, 564. Plaintiff has not filed a motion to stay taxation of

---

[2] $3,532.35 requested - $1,537.50 for insufficient description of in-house copying - $86.40 for insufficient description of outside copying = $1,908.45.

costs.

The court has broad discretion to stay proceedings incident to the court's power to control its own docket. Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). The court must weigh the competing interests affected in the granting or denying of a request for stay. CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). These interests include: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of the issues, proof, and questions of law which could be expected to result from a stay. Id. (citing Landis, 299 U.S. at 254-55); see also Lockyer v. Mirant Corp., 398 F.3d 1098, 1112 (9th Cir. 2005).

Although Plaintiff has not filed a formal motion to stay taxation of costs, the Court finds that a stay of the taxation of costs pending the resolution of post-judgment motions in this Court is appropriate. Plaintiff has failed to demonstrate that a longer stay is warranted. First, although staying the taxation costs pending resolution of post-judgment motions may delay payment, the stay will be for a relatively brief time considering the overall age of this case. Second, staying the taxation of costs at this time would lessen the potential hardship on Plaintiff in seeking to recover costs should her post-trial motions be granted.

Lastly, staying the taxation of costs will allow the parties to determine with finality which party is the prevailing party for purposes of taxing costs. Based on these considerations, the Court FINDS AND RECOMMENDS that the taxation of costs be STAYED pending the resolution of all post-judgment motions in this Court.

## CONCLUSION

The Court FINDS AND RECOMMENDS that the district court GRANT the QMC Defendant's request for $16,947.60 in costs, DENY the remaining costs requested, and STAY the taxation of costs pending the resolution of all post-judgment motions in this Court.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, OCTOBER 31, 2022.



Wes Reber Porter
United States Magistrate Judge

**KRIZEK v. THE QUEEN'S MEDICAL CENTER, ET AL.; CIVIL NO. 18-00293 JMS-WRP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT HAWAII RESIDENCY PROGRAM, INC.'S BILL OF COSTS AND TO STAY THE TAXATION OF COSTS PENDING RESOLUTION OF POST-TRIAL MOTIONS**