IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HELENA KRIZEK, Birth Mother of BIANCA HELEN KRIZEK (DECEDENT),<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>THE QUEEN'S MEDICAL CENTER; HAWAII RESIDENCY PROGRAMS, INC.; DR. MATTHEW DUMOUCHEL; DR. NOBUHIRO ARIYOSHI; DR. ITTIKORN SPANUCHART; DR. WENDY W. HSU; DR. HAO CHIH HO; DR. CHRISTOPHER HAPPY; DR. T. SCOTT GALLACHER,<br><br>　　　　　　　Defendants. | CIV. NO. 18-00293 JMS-WRP<br><br>ORDER (1) ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT HAWAII RESIDENCY PROGRAMS, INC.'S BILL OF COSTS, ECF NO. 577; (2) ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS THE QUEEN'S MEDICAL CENTER, WENDY W. HSU, M.D., AND HAO CHIH HO, M.D.'S BILL OF COSTS, ECF NO. 578; AND (3) DENYING MOTION FOR UNSECURED STAY PENDING APPEAL |

**ORDER (1) ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT HAWAII RESIDENCY PROGRAMS, INC.'S BILL OF COSTS, ECF NO. 577; (2) ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS THE QUEEN'S MEDICAL CENTER, WENDY W. HSU, M.D., AND HAO CHIH HO, M.D.'S BILL OF COSTS, ECF NO. 578; AND (3) DENYING MOTION FOR UNSECURED STAY PENDING APPEAL**

## I. INTRODUCTION AND BACKGROUND

On October 31, 2022, Magistrate Judge Wes Reber Porter entered Findings and Recommendation to Grant in Part and Deny in Part two Bills of Costs sought by two groups of defendants in this action—the Hawaii Residency Program, ECF No. 577, and The Queen's Medical Center, Wendy W. Hsu, M.D., and Hao Chih Ho, M.D., ECF No. 578 (collectively, "October 31 F&Rs"). Plaintiff Helena Krizek ("Plaintiff") then filed a November 7, 2022 "Motion for Denial of Taxation of Costs on Equitable Grounds and in the Alternative for Stay of Taxation of Costs Pending Motion for New Trial and Appeal." ECF No. 579. Plaintiff later clarified that her motion, while not styled as an objection, was intended to serve as objections to the October 31 F&Rs. *See* ECF No. 583.[1] The Hawaii Residency Program and The Queen's Medical Center, Wendy W. Hsu, M.D., and Hao Chih Ho, M.D., filed responses. ECF Nos. 586 & 588. For the reasons stated below, the objections are OVERRULED and the October 31 F&Rs are ADOPTED.

## II. STANDARD OF REVIEW

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which

---

[1] The court held the objections to the October 31 F&Rs in abeyance pending the court's decision on Plaintiff's Motion for a New Trial. *See* ECF No. 581. Having denied the Motion for New Trial, ECF No. 582, the objections are now ripe.

the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–74 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). That is, "[t]he district judge may accept the portions of the findings and recommendation to which the parties have not objected as long as it is satisfied that there is no clear error on the face of the record." *Naehu v. Read*, 2017 WL 1162180, at *3 (D. Haw. Mar. 28, 2017) (citations omitted).

      Under a de novo standard, this court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614, 618 (9th Cir. 1989).

## III. DISCUSSION

### A. Taxation of Costs

Federal Rule of Civil Procedure 54(d)(1) states that unless a court order, federal statute or the Federal Rules of Civil Procedure provide otherwise, costs, "should be allowed to the prevailing party." This provision establishes a presumption that costs will be awarded to the prevailing party, but allows the court discretion to decide otherwise. *See Ass'n of Mex.-Am. Educators v. State of Cal.*, 231 F.3d 572, 591–92 (9th Cir. 2000).

"Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014). Courts may also consider misconduct by the prevailing party. *See Ass'n of Mex.-Am. Educators*, 231 F.3d at 592; *Nat'l Org. for Women v. Bank of Cal.*, 680 F.2d 1291, 1294 (9th Cir. 1982); *Wrighten v. Metropolitan Hosps., Inc.*, 726 F.2d 1346, 1358 (9th Cir. 1984); *Moore v. Hughes Helicopters, Inc.*, 708 F.2d 475, 486 (9th Cir. 1983); *Alexander v. Covello*, 2022 WL 4242495, at *1 (S.D. Cal. Sept. 14, 2022).

Given the statutory presumption in favor of awarding costs, "it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999); *see*

*also In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462–63 (3d Cir. 2000) (stating that the losing party bears the burden of making the showing that an award is inequitable). Stated differently, if a district court upholds an award of costs, no explanation is required—instead, the presumption in favor of costs "itself provides all the reason a court needs for awarding costs." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

Here, Plaintiff does not object to the itemized content of the bills of cost, but instead "is objecting to taxation of costs in this case for equitable reasons." ECF No. 551 at Page ID.9449; ECF No. 552 at PageID.9506. Per Plaintiff, those equitable reasons include: (1) the unclean hands or bad faith of Defendants in relation to the unavailability of Dr. Nobuhiro Ariyoshi as a trial witness; (2) Plaintiff's good faith and the difficulty of the issues in the case; and (3) the indigency of the Plaintiff and disparity of wealth between the parties. *See* ECF No. 579-1.

The first proffered reason was considered and rejected by the court in its Order Denying Plaintiff's Motion for New Trial, ECF No. 582. Specifically, the court determined that neither Defendant acted in bad faith or engaged in misconduct. *Id*. at PageID.11427–36.

As for the second proffered reason, although Plaintiff may have acted in good faith during the course of the litigation, that is certainly not a sufficient

5

reason alone to deny taxation of costs. The court has an expectation that all parties will act in good faith. And, the court does not view the issues in the case to be as difficult or novel as Plaintiff does. The case was a typical medical malpractice case (i.e., without novel or unusual legal or factual issues), and as the court found in its Order Denying Motion for New Trial, "the evidence presented at trial weighed heavily in favor of the defense." *Id*. at PageID.11441.

And as for the third reason, although there is undoubtedly a wealth disparity between the parties, Plaintiff has utterly failed to provide any evidence as to her own indigency. Instead, she simply states in a declaration that "I am 65 years of age and on a fixed income," and that she retired from an over 30-year career in nursing in 2020. ECF No. 579-4 at PageID.11227. With nothing more, the court is left with no meaningful information regarding Plaintiff's full financial status. Further, economic disparity alone does not rebut the strong presumption in favor of awarding costs. *See T.P. v. Walt Disney Parks & Resorts U.S. Inc.*, 2022 WL 1054935, at *2 (C.D. Cal. Mar. 3, 2022); *Camfield v. Bd. of Trs. of Redondo Beach Unified Sch. Dist.*, 2018 WL 910459, at *4 (C.D. Cal. Feb. 14, 2018) (citing *Mam v. City of Fullerton*, 2014 WL 12573550, at *3 (C.D. Cal. Jul. 24, 2014)); *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016); *Zayerz v. Kiewit Infra. W. Co.*, 2018 WL 2670705, at *2 (C.D. Cal. May 22, 2018); *In re 5-Hour Energy Mktg. & Sales Pracs. Litig.*, 2018 WL 11354865, at *2 (C.D. Cal. Sept. 11, 2018).

In short, Plaintiff falls well short of her burden to show that the court should not award costs. The court ADOPTS the October 31 F&Rs. As found and recommended, the court awards costs in favor of the Queen's Medical Center, Dr. Wendy W. Hsu, and Dr. Hao Chih Ho in the amount of $16,947.60 and awards costs in favor of Hawaii Residency Program in the amount of $12,536.14. *See* ECF Nos. 577 & 578.

**B.    Stay Pending Appeal**

Plaintiff requests that, if the court orders the taxation of costs, that the court enter an unsecured stay of that order pending appeal.[2] ECF No. 579-1 at PageID.11208. The court declines to do so.

Rule 54(d) does not provide any timetable for the taxation of costs (other than "on 14 days' notice"), and the decision whether or not to stay an award of costs rests within the sound discretion of the court. *See*, *e.g.*, *Am. Infra-Red Radiant Co. v. Lambert Indus., Inc.*, 41 F.R.D. 161, 163 (D. Minn. 1966); *Est. of Pidcock v. Sunnyland Am., Inc.*, 726 F. Supp. 1322, 1341 (S.D. Ga. 1989) ("In its discretion, however, the Court may postpone the awarding of costs until the resolution of the post-trial motions or even the resolution of any appeal.").

---

[2] Plaintiff appears to seek a stay without posting a bond, and thus the court refers to her request as one seeking an "unsecured" stay pending appeal. The denial of Plaintiff's request for an unsecured stay pending appeal is without prejudice to Plaintiff seeking a stay after providing a bond or other security approved by the court pursuant to Federal Rule of Civil Procedure 62(b).

When evaluating a motion for an unsecured stay of costs, courts look to four factors:

> (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured in the absence of a stay; (3) whether issuance of the stay will substantially injure the non-moving party; and (4) whether the stay is in the public interest. [F]or an appellant to receive a waiver of a bond and an unsecured stay, the case must be extraordinary.

*In re 5-Hour Energy Mktg. & Sales Pracs. Litig.*, 2018 WL 11354865, at *4 (internal quotations marks and citations omitted); *see also Equal Emp. Opportunity Comm'n v. Rogers Behav. Health*, 2022 WL 5117712, at *1 (E.D. Wis. Oct. 4, 2022) (citing *Nken v. Holder*, 556 U.S. 418, 427 (2009)); *ABC Servs. Grp., Inc. v. Health Net of Cal., Inc.*, 2022 WL 17371087, at *1 (C.D. Cal. Aug. 23, 2022); *LeClair v. Raymond*, 2022 WL 1046441, at *6 (N.D.N.Y. Apr. 7, 2022); *Herrera v. Redding*, 2019 WL 6618079, at *1 (E.D. Cal. Dec. 5, 2019); *Mann v. Wash. Metro. Area Transit Auth.*, 185 F. Supp. 3d 189, 194 (D.D.C. 2016); *Emblaze Ltd. v. Apple Inc.*, 2015 WL 1304779, at *2 (N.D. Cal. Mar. 20, 2015).

Here, for the reasons outlined by the court in its Order Denying Motion for New Trial, Plaintiff has not made a showing of a high likelihood of success on appeal, and as a result Plaintiff will not be irreparably injured absent a stay. Further, although an unsecured stay may not prejudice Defendants, the court finds that the failure to grant the stay is not in the public interest. In short, after

8

considering the relevant factors, the court DENIES the request for an unsecured stay pending appeal.

## IV.  **CONCLUSION**

For the reasons discussed above, Plaintiff's objections are OVERRULED and the October 31 F&Rs are ADOPTED.  As found and recommended, costs are awarded in favor of The Queen's Medical Center, Dr. Wendy W. Hsu, and Dr. Hao Chih Ho in the amount of $16,947.60 and in favor of the Hawaii Residency Program in the amount of $12,536.14.  Plaintiff's motion for an unsecured stay of this order pending appeal is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 23, 2023.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Krizek v. The Queen's Med. Ctr. et al.*, Civ. No. 18-00293 JMS-WRP, Order(1) Adopting Magistrate Judge's Finding and Recommendation to Grant in Part and Deny in Part Defendant Hawaii Residency Programs, Inc's Bill of Costs, ECF NO. 577; (2) Adopting Magistrate Judge's Finding and Recommendation to Grant in Part and Deny in Part Defendants The Queen's Medical Center, Wendy W. Hsu, M.D., and Hao Chih Ho, M.D.'S Bill Of Costs, ECF No. 578; and (3) Denying Motion For Unsecured Stay Pending Appeal